ROTHENBERG, J.
 

 Gary White (“the defendant”) appeals his conviction and sentence for a residential burglary. We affirm.
 

 At trial, the only evidence linking the defendant to the burglary was a palm print recovered from the inside windowsill of the burglarized home. The owner of the bur
 
 *880
 
 glarized home testified that she almost never opens her window, and on the day of the burglary, when she left her home, the window was closed. When she returned, however, the window was open and her home had been ransacked.
 

 Robert Williams, an expert in the field of fingerprints and latent print identification, testified that based on his comparison of the palm print recovered from the burglarized home with the inked standard he took of the defendant’s palm, he concluded that the two prints came from the same person.
 

 Officer Grossman, the crime scene investigator, testified as to the location and positioning of the palm print she recovered at the burglarized home, stating that the palm print was found on the inside sill of the window and it was facing inward. Officer Grossman also testified that she is “more likely,” as opposed to “less likely,” to find no physical evidence at a crime scene.
 

 The defendant contends that Officer Grossman’s unobjected-to testimony regarding the direction of the palm print she lifted from the windowsill and the likelihood of her recovering any physical evidence from a crime scene constitutes fundamental error, thereby requiring reversal of the defendant’s conviction and sentence. Finding no error, and certainly no fundamental error, we disagree.
 

 The defendant claims that Officer Grossman’s testimony regarding the direction of the palm print constituted an impermissible opinion by a lay witness. The transcript of the proceedings conclusively refutes this assertion. Officer Grossman explained that she marked the direction of the print she lifted from the windowsill to establish its relationship to the window to enable her to specifically identify where it was found at trial. More importantly, Robert Williams, the latent prints examiner, who is an expert, testified that the palm print recovered from the inside windowsill was facing inward. Thus, even though we find no error regarding Officer Grossman’s testimony, any error would be harmless beyond a reasonable doubt.
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). We reach the same conclusion as to the remaining claimed unob-jected-to error.
 

 Affirmed.